JOHN W. DEAN, Appellant, *v.* DAVID S. BIGGS, Respondent.

*Claim for unpaid subscription to corporate stock — is subject to sequestration — it is not covered by a general mortgage of the railroad and appurtenances.*

The balance unpaid on a subscription to the stock of a corporation, is a claim or thing in action which is subject to sequestration in proceedings taken on a judgment recovered against the corporation.

Such claim or thing in action is not covered by a mortgage purporting to convey the right of way of the railroad and its other property, chattels and things pertaining thereto; its chartered rights, privileges and franchises, and all the estate, right, title, interest, property and possession, claims and demands whatsoever of the railroad, of, in and to the same.

APPEAL by the plaintiff from a judgment in favor of the defendant, entered in Tompkins county on the report of a referee.

The Pennsylvania and Sodus Bay Railroad Company was organized May 24, 1870. The defendant was a subscriber for capital stock of the company. This railroad company mortgaged its railroad to the Union Trust Company to secure certain bonds issued by the company. This mortgage purported to cover the railroad constructed and to be constructed, and all rights of way, machinery, implements and other property, chattels and things pertaining to said railroad, and all its chartered rights, privileges and franchises, and also all the estate, right, title, interest, property and possession, claims and demands whatsoever of the said railroad, of, in and to the same, with the appurtenances, etc. June 3, 1876, the railroad was sold upon a foreclosure, and Merrit King became the purchaser for $24,750.

Gilbert Kennedy, a creditor of the Pennsylvania and Sodus Bay Railroad Company, obtained a judgment against said company, and upon execution being returned unsatisfied, began an action in the Supreme Court, and procured the sequestration of said railroad company's property, and the appointment of one Charles P. Barto as receiver, who qualified, and under an order of the Supreme Court sold the unpaid stock subscriptions at public auction, January 6, 1877.

Defendant's subscription was purchased by himself, and the purchase price was paid to the receiver.

Subsequent to the sale by the receiver, and in October, 1877, the plaintiff claiming to be the transferee of Merrit King, began this action to recover the same subscription from defendant.

The cause was referred. The referee found as conclusion of law that the receiver obtained the title to the unpaid stock subscriptions, under the judgment sequestrating the property of the company, and that plaintiff was not the owner, and had no right of action against defendant, and directed judgment to be entered dismissing the complaint of the plaintiff.

*Merritt King*, for the appellant.

*J. D. Smith*, for the respondent.

BOCKES, J. :

We need do no more than express our satisfaction with the judgment directed by the learned referee in this case, and for the reasons stated by him in his findings on the questions of law.

He held that the defendant became the owner of the stock subscription sought to be enforced against him in this action, by virtue of his purchase of it, under the sequestration proceedings taken on the Kennedy judgment against the railroad company. In this conclusion we concur. The balance unpaid on the stock subscription was a claim or thing in action, subject to sequestration in that proceeding. It stood like any other claim and right of action held by the company, like a freight bill due the company, or indeed any other legal or equitable claim and demand. The fact that the company was subsequently adjudged insolvent did not change the character of the claim, or deprive the judgment creditor of his right secured by his sequestration proceedings.

We also concur in the conclusion of the referee that the title to the stock subscription did not pass under the mortgage sale. It was not such property as was covered by the mortgage lien. This claim did not pertain or belong to the chartered rights, franchises or privileges of the corporation. Those embraced rights, privileges and immunities which could not be exercised without legislative

authority. The mortgage was not a lien on this stock subscription, and the sale under it did not, in our judgment, carry title thereto.

The complaint was, as we think, properly dismissed.

The judgment should be affirmed with costs.

LEARNED, P. J., and BOARDMAN, J., concurred

Judgment affirmed, with costs.